**554**　　　COURT OF COMMON PLEAS.

Van Lien v. The Scoville Manufacturing Co.　Weinberger v. Fauerbach.

a sufficient consideration, made for the benefit of the creditors of the old firm, and on which they could sue.

APPEAL by the defendants from a judgment of the general term of the Marine Court, affirming a judgment of that court entered on the report of a referee.

*Merchant & Elliott*, for appellants.

*David McAdam*, for respondents.

Opinion of the court* by DALY, Ch. J., and LARREMORE, J. J. F. DALY, J., dissenting.

Judgment affirmed.

Reported in full in 45 How. Pr. 33.

---

## A. N. VAN LIEN *v.* THE SCOVILLE MANUFACTURING COMPANY.
(*Decided in January*, 1873.)

Plaintiff, who was a manufacturer of photographic views, purchased of defendants "hyposulphate of soda," and they by mistake delivered to him "sulphate of iron," which, being used by his servant in the preparation of photographic views, caused damage. In a suit by him to recover for the loss thereby occasioned, it appeared by evidence given in his own behalf, that hyposulphate of soda is white or gray, while sulphate of iron is green, and the two could be readily distinguished, and that the plaintiff's servant who used the sulphate of iron whereby the loss occurred, could by mere inspection have detected the mistake, and thereby prevented the accident; *Held*, that the failure to make such inspection was contributory negligence on the part of the plaintiff, which barred his recovery, and he should have been nonsuited.

APPEAL by defendants from a judgment of the First District Court.

*E. T. & G. Bell*, for appellants.

*Henry Allen*, for respondent.

Opinion of the court † by LOEW, J.

Judgment reversed.

Reported in full in 14 Abb. Pr. N. S. 74.

---

## JOHN WEINBERGER *v.* JACOB FAUERBACH.
(*Decided in January*, 1873.)

In a suit brought (under 2 R. S. of 1813, ch. 86, § 175, p. 408) to recover money paid for an assessment, which ought to have been paid by another person, as so much money paid for the use of the person who ought to have paid the same, the facts showing the legality of the assessment must be proved, although it is

---

* Present, DALY, Ch. J., LARREMORE and J. F. DALY, JJ.

† Present, DALY, Ch. J., ROBINSON, and LOEW, JJ.

O'Donnell v. Rosenberg.

provided by that act, that, in such a suit, the assessment, with proof of payment, shall be conclusive evidence.

APPEAL by defendant from a judgment of the Fourth District Court.

*T. F. Neville,* for appellant.

*S. D. Sewards,* for respondent.

Opinion of the court * by LOEW, J.

Judgment reversed.

Reported in full in 14 Abb. Pr. N. S. 91.

JOHN O'DONNELL *v.* JOSEPH H. ROSENBERG.
(*Decided in January,* 1873.)

Under the mechanics' lien law for the city of New York (Laws of 1863, ch. 500, § 11), by which the lien ceases after the expiration of one year, unless renewed; *Held,* that a judgment in an action to foreclose the lien, ordering the property to be sold, was invalid if rendered more than a year after the filing of the lien, and without a renewal of it, and would be reversed on appeal, although the objection was not raised on the trial, and no motion had been made to vacate the judgment.

*It seems* that, as in the case of liens by judgment, the actual sale must occur, and the acquisition of a title by a purchaser be effected before the expiration of the lien.

The cessation or expiration of the lien is not a subject of defense to be set up and proved by the owner, but its continuance is the only basis of any judgment *in rem* of foreclosure and sale.

A clause in a building contract provided that any neglect to comply with the conditions of the contract, &c., should be sufficient cause for the employer to claim damages at the rate of ten dollars for each day's detention so caused; *Held,* that this was a covenant for stipulated damages, and the employer was entitled to recover at that rate for delay occurring without his contributory negligence or consent.

APPEAL by defendant from a judgment in an action to foreclose a mechanics' lien.

*Stephen H. Olin,* for appellant.

*Dennis McMahon,* for respondents.

Opinion of the court † by ROBINSON, J.

Judgment reversed.

Reported in full in 14 Abb. Pr. 59.

* Present, DALY, Ch. J., ROBINSON, and LOEW, JJ.
† Present, DALY, Ch. J., ROBINSON, and LARREMORE, JJ.